**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

LULA B. LANDOWN                                                                                              PLAINTIFF

v.                                              No. 3:12CV00015 JLH

RAY RUNYON, Special Administrator of
the ESTATE OF MARK D. FELPS, Deceased                                                    DEFENDANT

## ORDER

Ray Runyon, Special Administrator of the Estate of Mark D. Felps, Deceased, removed this action from the Circuit Court of Crittenden County, Arkansas, on the ground that the parties are diverse in citizenship and the amount in controversy exceeds $75,000. The plaintiff, Lula B. Landown, has moved to remand to the Circuit Court of Crittenden County on the ground that the amount in controversy does not exceed $75,000. She asserts that she is seeking less than $5,000 in vehicle expenses, pain and suffering, and property damage to her 1999 Chrysler Cirrus. She says that the compensatory damages are, with certainty, a fraction of the amount necessary to invoke federal diversity jurisdiction. She also points to Ark. R. Civ. P. 8(a), which provides:

> In claims for unliquidated damage, a demand containing no specified amount of money shall limit recovery to an amount less than required for federal court jurisdiction in diversity of citizenship cases, unless the language of the demand indicates that the recovery sought is in excess of such amount.

In response, Runyon notes that Landown alleges that she sustained physical injuries "throughout her body," that she suffered "great pain, suffering, and mental anguish and will continue to suffer these conditions into the future," and that "she has incurred medical expenses and will incur medical expenses in the future."

Because the defendant seeks to invoke federal jurisdiction through removal, the defendant bears the burden of proving that the jurisdictional threshold is satisfied. *Bell v. Hershey Co.*, 557

F.3d 953, 956 (8th Cir. 2009). Specifically, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000. *Usery v. Anadrako Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010). Because Landown does not allege a specific amount of damages in her complaint, the amount in controversy depends upon the value of the relief that she seeks. *Clark v. Matthews Intern. Corp.*, 639 F.3d 391, 396 (8th Cir. 2011).

According to the Arkansas Supreme Court, Rule 8(a) does not necessarily prevent a plaintiff from recovering an amount in excess of the minimum amount for federal diversity jurisdiction even if the plaintiff seeks unliquidated damages and fails to specify an amount of damages in the prayer for relief. *Interstate Oil & Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 972 S.W.2d 941 (1998). Consequently, in determining whether the amount in controversy exceeds $75,000, the Court cannot rely solely on the fact that the complaint fails to specify an amount of damages sought to be recovered. *Haynes v. Louisville Ladder Group, LLC*, 341 F. Supp. 2d 1064, 1068 (E.D. Ark. 2004).

Here, despite the arguments made in the motion to remand, the second amended complaint[1] does not say that Landown seeks only $5,000 in compensatory damages for medical expenses, pain and suffering, and property damage to her vehicle. As Runyon notes, the second amended complaint alleges that Landown "suffered physical injuries throughout her body," "suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future," and "has incurred medical expenses and will incur medical expenses in the future." In view of the fact that eighteen months after the automobile accident Landown alleges that she continues to suffer great pain, suffering, and mental anguish and that she will continue to suffer those conditions in the future, and in view of the fact that she alleges that she has medical expenses and will continue to incur

---

[1] The only complaint in the record of this Court is entitled, "Second Amended Complaint."

medical expenses in the future, from the face of the complaint the amount in controversy exceeds $75,000. Were Landown to prove these allegations at trial, a verdict greater than $75,000 would not be excessive. Moreover, Landown has not submitted an affidavit stating that the amount of her damages are less than $75,000, nor has she entered into a binding stipulation that would preclude her under the doctrine of judicial estoppel from claiming more than $75,000 in damages, were this case remanded to the Circuit Court of Crittenden County. Therefore, the motion to remand is denied. Document #7.

IT IS SO ORDERED this 13th day of February, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE